IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYREE LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 1:20-00268-JB-MU |
| | ) |
| MCKINNEY DRILLING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 10). The parties have filed numerous briefs about the propriety of removal (Docs. 10, 11, 21, 23, 30, 31, 34, 37) and appeared in Court for oral argument. The Motion is ripe for resolution.

**I.     BACKGROUND**

Plaintiff began this lawsuit in the Choctaw County Circuit Court suing defendant McKinney Drilling Company, LLC in a one-count Complaint under the Alabama Worker's Compensation Act. On April 22, 2020, Plaintiff filed his First Amended Complaint ("FAC") adding three Causes of Action to his Worker's Compensation claim. (Doc. 1). Causes of Action Two, Three and Four are brought under Alabama common law for negligence, wantonness and negligent medical assistance respectively. (*Id*.). Plaintiff also changed the name of the original Defendant to "McKinney Drilling, L.L.C., a Keller Company." (*Id*.).

The FAC adds fifteen (15) defendants to the new claims, all of whom are of diverse citizenship to Plaintiff. Plaintiff requested the five out-of-state corporate Defendants be served by certified mail while he requested personal service for the Alabama residents. Defendant

Georgia Pacific learned of the Amended Complaint and removed the case based on diversity jurisdiction on May 11, 2020, before the added Defendants (including Georgia Pacific) had been served. (Doc. 1). At the time of removal only McKinney had been "properly joined and served." *See* 18 U.S.C. §1441(b)(2).

## II.   ANALYSIS

Plaintiff objects to removal and moved for remand on three grounds. First, Plaintiff objects that Georgia Pacific removed this case from the Circuit Court of Choctaw County before any defendant added in the Amended Complaint was served. Second, Plaintiff argues the entire action should be remanded because 28 USC 1445(c) prohibits removal of worker's compensation claims. Finally, Plaintiff argues Georgia Pacific violated the "rule of unanimity" because it did not obtain the consent to removal of "McKinney and the individual defendants added in the Amended Complaint."

### A.  Removal Jurisdiction and Procedural Requirements

> "Except as otherwise provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."

28 U.S.C. § 1441(a). The original jurisdiction of this Court includes diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists so long as: (1) there is complete diversity between the plaintiff and defendants and (2) the amount in controversy exceeds $75,000. *See id*. There are other conditions which must also be satisfied to remove a diversity case. First among those is the "Resident Defendant Rule" holding a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The rule of unanimity requires "all defendants who have been

properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

As a Court of limited jurisdiction, the Court must construe removal statutes narrowly. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).  There is a "presumption against the exercise of federal jurisdiction," and uncertainties as to removal are to be resolved in favor of remand.  *Id*.  Georgia Pacific must demonstrate removal is appropriate.  *Id*.

### B.  This Court has Subject Matter Jurisdiction.

The issues raised in the Motion to Remand address whether this Court has subject matter jurisdiction.[1]  This Court has an independent obligation to ensure that it has subject matter jurisdiction in every case.  *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  There is complete diversity of citizenship between the Plaintiff and the Defendants and the amount-in controversy requirement is also clearly satisfied.[2]  Thus, without question, this Court would have had original jurisdiction over

---

[1] Initially, the Court's analysis concerns whether claims are properly before the Court for purposes of diversity jurisdiction.  The statutory jurisdictional issue involving Plaintiff's worker's compensation claim will be discussed in Section E, *infra*.

[2] Plaintiff's alleged injuries are quite serious, having suffered paralysis from the neck down, present and future medical expenses.  (Doc. 1-2 at 6).

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (internal citations omitted); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a

this action based on the basic requirements of Section 1332. The Court will now turn to Plaintiff's procedural objections under the removal statute.

### C. Georgia Pacific Satisfied the Unanimity Rule.

Plaintiff contends Georgia Pacific did not obtain the consent of McKinney, the only Defendant who had been "properly joined and served" at the time of removal. (Doc. 11 at 15-17). McKinney, Plaintiff's employer, was the only Defendant in Plaintiff's original worker's compensation Complaint and was the only Defendant served at the time of removal.

Georgia Pacific counters that McKinney's consent was included in the declaration of Keller North America, Inc. ("Keller"), one of the Defendants added to the case by Plaintiff's Amended Complaint and attached to its removal. (Doc. 1). Keller explains that as of January 1, 2020, McKinney, H.J. Foundation Company and E.B. Construction Company all merged into Keller. (*Id*.). Keller's declaration states:

> Keller and its affiliates are aware of Plaintiff's filing of his First Amended Complaint, however, neither Keller nor any of the above newly added affiliates have been served with Summons and Complaint therein. Non-service notwithstanding, neither Keller or the subject affiliates have objection and when and if served all would consent to the removal of Plaintiff's First Amended Complaint to the United States District Court, Southern District of Alabama, Southern Division.

(*Id*.). Georgia Pacific argues it could obtain consent only from Keller as McKinney had merged into Keller on January 1, 2020. (Doc. 31 at 2-9).

Plaintiff contends this declaration cannot express McKinney's consent to removal. The Court disagrees. While the declaration qualifies its consent ("non-service notwithstanding"), it

---

complaint that the amount in controversy is met). Based on this Court's judicial experience and common sense, the monetary value of Plaintiff's requested relief is certainly in excess of $75,000.00.

4

expresses agreement to removal on behalf of Keller and its affiliated entities. (Doc. 1). The Court finds that the declaration expresses consent to removal upon service and because McKinney was served electronically when Plaintiff filed the FAC, Keller's consent for McKinney was effective immediately.

Additionally, Plaintiff's suggestion that Keller cannot speak for McKinney is undermined by the manner in which the First Amended Complaint is drafted. In the style of the FAC, Plaintiff changed McKinney's name to "McKinney Drilling, LLC, a Keller company," acknowledging its January 1, 2020 merger with Keller. (Doc 1). Likewise, in Paragraph 2 and the First Cause of Action McKinney is again identified as "McKinney Drilling, LLC, a Keller Company." (*Id*.). Because Plaintiff recognized McKinney's merger with Keller in the FAC, the Court finds that Keller's consent extends to McKinney and satisfies the unanimity requirement of 28 U.S.C. §1446(b)(2)(A).

**D. Georgia Pacific's Pre-Service Removal was Proper.**

Plaintiff objects to Georgia Pacific's pre-service removal because the case was removed before the Defendants added in the FAC had been served. (*See* Doc. 11 at 5-8). Because many of the unserved Defendants added in the FAC were alleged to be Alabama residents, Plaintiff contends removal violates the Resident Defendant Rule. Georgia Pacific relies on the plain language of Section 1442(b)(2) to support its position that the Resident Defendant Rule does not apply. This posture places this case into an evolving class of cases generally called "snap removals."

The Resident Defendant Rule holds that even when diversity of citizenship exists, a defendant cannot remove a case to federal court if one of the defending parties "properly joined

and served" is a citizen of the state in which the lawsuit was filed. 28 U.S.C. § 1441(b). The theory behind the Resident Defendant Rule is that removal based on diversity should protect out-of-state defendants from the possible biases of a state court and a defendant residing in the forum would require no such protection. (*See Papa Air LLC v. Cal-Mid Properties L.P.*, 2020 WL 3037068 at *6 (N.D. Ala. June 5, 2020)). Here however, a non-resident Defendant (Georgia Pacific) removed this case to this Court before either it or the resident Defendants were served.

Plaintiff argues Georgia Pacific's removal violates the Resident Defendant Rule because many of the individual Defendants he added in the FAC are citizens of Alabama. Georgia Pacific maintains the Resident Defendant Rule does not apply because none of the Alabama Defendants were "properly joined *and* served," as required by section 1441(b)(2) (emphasis added), at the time of removal. These facts present the question whether "snap removal" is precluded by the Resident Defendant Rule when a non-resident Defendant removes a case from state court based on diversity jurisdiction before the resident Defendants are "properly joined and served."

1. **Other Courts' Consideration of Pre-Service Removal.**

While this is the first time this Court has considered the question of pre-service removal, many other courts have considered it. There is no binding precedent from the Supreme Court or the Eleventh Circuit[3] but at least three Circuit Courts have found that section 1441(b)(2) permits

---

[3] The Eleventh Circuit, by way of an unpublished opinion has broadly considered the question of pre-service removal. *See Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011) (per curiam). In *Shanyfelt,* the court considered the propriety of a district court's subject matter jurisdiction when a resident defendant removed the case from state court on the basis of diversity, prior to service on any defendant. In its analysis, the panel cited to section 1441(b) and stated that plaintiff failed to "properly join[ ] and serve[ ]" defendant, prior to defendant filing the notice of removal. *Id*. Because the plaintiff failed to serve the resident defendant prior to removal, the court held that "[t]he district court was entitled to entertain [plaintiff's] complaint without regard to the citizenship of the [resident defendant]." *Id*.

6

pre-service removal.  *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-07 (2d Cir. 2019) (holding "[b]y its text[ ] [ ]Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume [subject matter] jurisdiction over the action."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018), reh'g denied (Sept. 17, 2018); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), amended on denial of reh'g, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship ... the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)(2).") (emphasis in original).

Several district courts have also considered this question.  Some of those courts have held that "[t]he literal application of [ section] 1441(b)(2) ... would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."  *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008) (collecting cases); *see also Bowman v. PHH Mortgage Corporation*, 423 F. Supp. 3d 1286 (N.D. Ala. 2019); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372 (N.D. Ga. 2018); *Gentile v. Biogen IDEC, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013).  These district courts looked beyond the language of the statute to give effect and purpose to the Resident Defendant Rule, despite a lack of legislative history addressing the purpose of the disputed language in section 1441(b)(2).  *Delaughder*, 360 F. Supp. 3d at 1379-80; *Gentile v. Biogen IDEC, Inc.*, 934 F. Supp. 2d at 317.

Other district courts have concluded snap removal is not barred if no resident defendant has been served.  *E.g., Goodwin v. Reyonlds* , 2012 WL 4732215, at *6 (N.D. Ala. Sept. 28, 2012);

7

*Seong Ho Hwang v. Gladden*, 2016 WL 9334726, at *7 (M.D. Ala. Dec. 21, 2016) (agreeing with "the majority of the courts within the Eleventh Circuit," and holding that "the plain language of the Resident Defendant Rule does not prohibit a non-forum defendant from removing a case to federal court, even when there is an unserved forum defendant."); *Pathmanathan v. Jackson Nat. Life Ins. Co.*, 2015 WL 4605757, at *1 (M.D. Ala. July 30, 2015) (holding that snap removal is permitted "[b]ecause the text of [section 1441(b)(2)] is clear, and the court must give effect to that text....").

Plaintiff relies primarily on a case from the Northern District of Alabama finding pre-service removal to be improper. *See Bowman*, 423 F. Supp. 3d at 1286. Rather than following the rules of established statutory analysis, the court in *Bowman* adopted a "different approach."[4] *Bowman* at 1289. In *Bowman*, the court held that Section 1441(b)(2) "requir[es] at least one defendant to have been properly joined and served before removal when an in-state defendant is involved." *Id*. at 1293. In concluding this, the court construed the word "any," as used in the statutory text to mean "one or more indiscriminately from all those of a kind." *Id*. at 1290. The court held that "under this interpretation of the statute, when there is an in-state defendant, at least one defendant must have been properly joined and served before removing for diversity." *Id.* The Court cannot accept Plaintiff's invitation to follow this analysis.

### 2. Statutory Analysis.

The Court now turns to analyzing Section 1441(b)(2). The process for statutory analysis is well settled:

---

[4] "So rather than decide whether to follow the plain meaning, the court asks which of two permissible constructions of the text best effectuates Congress' intent." *Bowman*, 324 F. Supp. at 1289.

8

> The Court's inquiry is initially limited to determining a statute's plain meaning. If the plain meaning is clear, the Court is bound to give effect to its language unless one of two circumstances apply: "(1) the statute's language is ambiguous; or (2) applying the statute's plain meaning would lead to an absurd result."

*Delaughder*, 360 F. Supp. 3d at 1379 (quoting *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1366 (N.D. Ga. 2011) (citing *United States v. DBB, Inc.*, 180 F.3d 1277, 1285 (11th Cir. 1999)). In analyzing a statute, "we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc). "In our circuit, '[w]hen the import of the words Congress has used is clear ... we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.'" *United States v. Weaver*, 275 F.3d 1320, 1331 (11th Cir. 2001), (quoting *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (*en banc*), cert. denied, 536 U.S. 961 (2002)).

As the Court reads Section 1441(b)(2), the meaning is clear and unambiguous. Next, the Court must ensure this interpretation will not produce an unjust or absurd conclusion. It is well settled that a court will not question unambiguous language, except to "avoid an unjust or absurd conclusion." *United States v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005) (*en banc*) (quoting *In re Chapman*, 166 U.S. 661, 667 (1897)).

To justify a departure from the text of a statute based on absurdity, "the absurdity must be so gross as to shock the general moral or common sense." *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1334 (11th Cir. 2005) (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930)). Having conducted this analysis, the Court finds that applying the plain meaning of Section

1441(b)(2) and allowing removal does not lead to an absurd result "so gross as to shock the general moral or common sense."[5] *See id*.

When considering the Resident Defendant Rule in this context:

> The purpose of the [resident] defendant rule is to allow plaintiffs to choose a forum because a [resident] defendant does not need the protection of removal rights. However, in the limited situations such as the present case when a non-[resident] defendant removes a case also involving a [resident] defendant, it is necessary to only consider properly served defendants so as to not allow a plaintiff to thwart removal rights of diverse, non[-resident] state defendants by not serving the [resident] defendant.

*Papa Air, LLC v. Cal-Mid Properties, L.P.*, 2020 WL 3037068 at *6 (N.D. Ala. June 5, 2020) (quoting *Goodwin*, 2012 WL 4732215, at *1, aff'd on other grounds, 757 F.3d 1216 (11th Cir. 2014) (citing *Bolin v. SmithKline Beecham Corp.*, 2008 WL 3286973, at *2 (S.D. Fla. Aug. 7, 2008) (footnote omitted)). Plaintiffs do have a variety of methods available to serve a Complaint under the Alabama Rules of Civil Procedure and thus have some control over the timing of service of defendants.[6]

The Court finds the language of Section 1441(b)(2) to be unambiguous. The Resident Defendant Rule is not implicated until a forum defendant has been served under state law. Until that point, assuming a district court has subject matter jurisdiction (as it does in this case) a state

---

[5] *See Whitehurst v. Walmart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) ("nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal.") (citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *City of Ann Arbor Employees' Retirement System v. Gecht*, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007) (collecting cases)).

[6] Georgia Pacific removed this case on May 11, 2020. In Georgia Pacific's Response to Plaintiff's Motion to Remand, it represented service on the first forum Defendant was not attempted until June 1, 2020. (Doc. 21 at 9). At the hearing Plaintiff contended he intended to serve the forum defendants quickly via personal service by the Choctaw County Sheriff. Certainly, service by Sheriff is one of the several way Plaintiff could effect service under Rule 4(i) of the Alabama Rules of Civil Procedure. Plaintiff suggests this service did not immediately occur because of the COVID19 pandemic, however the Court finds no evidence of evasion on the part of the forum Defendants nor any suggestion of gamesmanship impacting service. Moreover, Plaintiff offers no authority allowing this Court to disregard the plain language of the statute.

court lawsuit is removable.  Plaintiff filed his FAC on April 22, 2020, and Georgia Pacific (a non-resident defendant), filed its notice of removal on May 11, 2020. No Defendants added in the FAC were "properly joined and served" when Georgia Pacific filed the Removal.  Because the language of the statute is unambiguous, this Court need look no further and the inquiry ends.  Plaintiff's Motion to Remand based on the Resident Defendant Rule is due to be denied.

### E.  Severance of Worker's Compensation Claim

Having now determined this Court has subject-matter jurisdiction, the Court must now consider Plaintiff's claims.  The parties agree, Count One "aris[es] under the workmen's compensation laws" of Alabama and must be remanded.  28 U.S.C. § 1445(c).  The parties disagree over how this Court should treat the remaining claims.

Another Judge in this District has considered this question.  *See Lamar v. Home Depot*, 907 F. Supp. 2d 1311 (S.D. Ala. 2012); *see also Musgrove v. Kellogg Brown & Root, LLC*, 2013 WL 1827583, at *2 (S.D. Ala. Apr. 29, 2013).  In *Lamar*, defendants removed plaintiff's Complaint alleging worker's compensation, breach of contract, fraud and outrageous conduct.  *Id*. Considering plaintiff's Motion to Remand, the court noted that:

> "Except as otherwise provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). Congress' grant of jurisdiction is not without limits: "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Id. § 1445(c).

*Lamar*, 907 F. Supp. at 1312.  The *Lamar* court granted the motion to remand in part, severing the worker's compensation claim and remanding it to the state court.  As to the remaining claims, the court denied the motion to remand.

11

The *Lamar* court found only one Eleventh Circuit opinion addressing the scope of remand under section 1445(c). *See Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir.2000). In *Reed*, the plaintiff sued in state court alleging state law claims, including retaliation against an employee for filing for worker's compensation, and a federal law claim for violation of the Americans with Disabilities Act ("ADA"). Defendant removed the case to federal court based on both federal question and diversity jurisdiction. The district court denied plaintiff's attempts at remand and eventually granted summary judgment for defendant on all claims. Plaintiff appealed. The Eleventh Circuit found the retaliation claim "arises under" the worker's compensation laws of the state of Alabama, and as such, the district court lacked subject matter jurisdiction over that claim pursuant to 28 U.S.C. § 1445(c). *See id*. at 1060. The Eleventh Circuit remanded the retaliation claim to the district court with instructions to sever and remand the claim back to state court. The Circuit affirmed the district court on the remainder of the case. *See id.* at 1063.

The Eleventh Circuit then addressed the merits of the ADA claim without explaining its decision not to remand that claim. *Id.* The *Lamar* court considered other portions of the *Reed* opinion to explain the Eleventh Circuit's rationale:

> In its preliminary statement summarizing its decision, the *Reed* Court said:
>
> Because we conclude that claims brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims do arise under that state's workers' compensation laws, the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim. Reed's ADA claim, however, was properly before the district court.

*Lamar*, 907 F. Supp. 2d at 1313 (quoting *Reed*, 206 F.3d at 1057). Thus, the ADA claim remained in federal court because it was properly removed there.

12

The *Lamar* court then considered the Eleventh Circuit's analysis of the mechanism by which the ADA claim was properly removed:

> Defendants can remove civil actions over which the federal courts would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). The federal district court would have had original jurisdiction over Reed's ADA claim because it arose under federal law. *See* 28 U.S.C. § 1331. In addition, federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c).
>
> A few actions, however, cannot be removed from state to federal court. Specifically, 28 U.S.C. § 1445(c) bars the removal of claims from state court "arising under the workmen's compensation laws" of the forum state.

*Id.* at 1314 (quoting *Reed*, 206 F.3d at 1058). Clearly the Eleventh Circuit found the ADA claim as properly removed under Section 1441(a). Also clear, a non-removable worker's compensation claim in the same lawsuit did not render removal of the action improper under either that Section 1441(a) or Section 1445(c). Instead, the worker's compensation claim triggered Section 1445(c) as to only that claim and required remand of only that claim. Thus, "the limits on federal jurisdiction imposed by 28 U.S.C. § 1445(c)" means the worker's compensation claim "must be remanded to state court." *Reed*, 206 F.3d at 1056, 1061.

The *Lamar* court noted "the *Reed* Court did not base the propriety of removing and retaining the ADA claim on Section 1441(c). *Reed* relied on Section 1441(a) to justify removal and retention of the federal claim." *Lamar*, 907 F. Supp. 2d at 1314. The *Lamar* court further stated:

> "[T]he holding of a case is comprised both of the result of the case and those portions of the opinion necessary to that result by which we are bound." *United States v. Kaley*, 579 F.3d 1246, 1253 n. 10 (11th Cir.2009) (internal quotes omitted). The result of *Reed* was retention of the federal claim despite remand of the worker's compensation claim. Necessary to this result was the conclusion that the federal claim was properly removed, and necessary to the conclusion that the

13

> federal claim was properly removed was an identification of a legal basis for proper removal. Thus, the *Reed* Court's identification of Section 1441(a) as the source of proper removal of the federal claim and for retention of that claim despite remand of the worker's compensation claim constitutes a holding.
>
> Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1332(a) furnishes "original jurisdiction" over diversity actions with a threshold amount in controversy, so removal of a diversity action is accomplished through Section 1441(a). *E.g., Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir.2008). This case was removed based on diversity jurisdiction, and therefore removal was proper under Section 1441(a). Because *Reed* holds that, when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims, it forecloses remand of the plaintiff's state law claims.

*Id.* at 1315.

Plaintiff also suggests that remand of the entire action should be ordered in the interests of judicial economy, since her tort claims are "related to" his worker's compensation claim. (Doc. 23 at 13-14). Plaintiff cites several district courts indicating judicial economy supports remand of removable claims along with a non-removable worker's compensation claim. First, this Court disagrees that a remand would enhance judicial economy as Plaintiff has filed his worker's compensation claims in Georgia and Alabama courts. Moreover, many of the cases cited do not even consider *Reed* while others limit its holding. This Court has independently considered *Reed* and reaches the same conclusion as the court in *Lamar*:

> . . . that *Reed* holds that a nonworker's compensation claim properly removed under Section 1441(a) is not subject to remand under Section 1445(c). When, as here, a claim has been properly removed and is not subject to remand under the governing statutes, it cannot be remanded on the grounds that judicial economy will be served thereby. *In re: City of Mobile*, 75 F.3d at 607–08 (a properly removed federal claim could not be remanded along with state claims as to which there was no diversity jurisdiction, even though that might serve judicial economy, where Section 1367(c) did not permit such remand; "'[W]e are not convinced that Congress ever intended to extend carte blanche authority to district courts to revise the federal statutes governing removal by remanding cases on grounds that

14

seem justifiable to them but which are not recognized by the controlling statute.'") (quoting *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976)).

*Lamar*, 907 F. Supp. 2d at 1317.

This Court is persuaded by the analysis of *Lamar* and agrees that:

> [t]he threshold questions for the Court are whether the Eleventh Circuit has already resolved the issue of partial versus total remand and whether it has done so on grounds that must apply to removals based on diversity. As discussed above, the answers to these questions are in the affirmative.

*Id.* at 1316. Like the court in *Lamar*, under the direction of *Reed*, the Court will remand only the plaintiff's worker's compensation claim. Plaintiff's other claims shall remain pending in this Court.

### III. CONCLUSION

The plaintiff's motion to remand (Doc. 10) is **GRANTED** regarding Count One and **DENIED** regarding Counts Two, Three and Four. Count One is remanded to the Circuit Court of Choctaw County.

**DONE and ORDERED** this 2nd day of February 2021.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE